# CAMPBELL vs. LUTTRELL.

If a constable fails to return an execution within the time prescribed by law, he is liable; inability to execute it for "want of health," will not excuse him.

### APPEAL FROM POLK CIRCUIT COURT.

Todd for appellant insists:

1. The execution was not returned within sixty days after it issued, and was in defendant's hands, and defendant is expressly bound. Rev. Statutes, title "Constable," p. 116, sec. 5, 8.

2. The constable was aware the appellant was assignee of the debt in execution' and liable to lose it by delay. 15 Conn. Rep. 51.

3. No excuse of want of health is good, for the constable is bound to have deputies to do the duties, if unable himself. The law authorises deputies. Rev. Statutes, "Constable," p. 116, sec. 5. 8; 3 Alabama Rep. 28.

4. It is against public policy to admit such excuses.

Judge Birch delivered the opinion of the court.

All the facts deemed necessary to the understanding and decision of this case are, that the appellant having a judgment, before a justice of the peace, placed an execution in the hands of the appellee (who was constable,) on the 29th of August, 1843. The execution was returnable within sixty days, and was returned "not served for want of health" on the 1st of November following.

The appellant had judgment before the justice, under the notice and motion which was authorised by the 8th section of the statute then and yet in existence "respecting constables." Upon appeal to the circuit court, it was proven that the defendant was in bad health whilst the execution was in his hands, being confined to bed a portion of the time; and that about the time of the return of the execution, it was deemed hazardous for him to be out. It was further proven that during the time

covered by the issuing and return of the execution, the defendant (in the execution) had no property in possession upon which it could have been levied. The circuit court gave judgment for the defendant, and the plaintiff has brought the case here by appeal.

We think the judgment should have been the other way. When a party is driven to the law, he is entitled to *all* the right it confers upon him. One of those rights, in this instance, was that the plaintiff should have his execution returned within sixty days. This was not done, and the ambiguous endorsement, and no less ambiguous testimony, that it was not done "for want of health," cannot be received as an excuse, especially by an officer for whom the law provides so facile a method of appointing deputies. Whether by reason of the debt having been assigned to the plaintiff in the execution or otherwise, he was an *actual* loser in consequence of the neglect of the constable, is not for us to enquire in the face of a legislative exposition of the rights and duties of the parties. The judgment of the circuit court must, therefore, be reversed and the cause remanded.